UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RODNEY HOFFMAN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,** | § § § § | |
| **PLAINTIFF** | § § | **CA 5:21-cv-423** |
| **v.** | § § | |
| **FLUID FLEET SERVICES, LLC,** | § § | |
| **DEFENDANT** | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Rodney Hoffman ("Plaintiff" or "Hoffman"), on behalf of himself and all others similarly situated, files this Original Complaint against Defendant Fluid Fleet Services, LLC ("Defendant" or "Fluid Fleet").

### I.   PRELIMINARY STATEMENT

1.1    This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA").  Fluid Fleet is a peer-to-peer truck sharing platform that offers 24/7 mobile access to a variety of trucks, vans, and SUVs.  Hoffman was employed by Fluid Fleet as a repair and maintenance technician.  Hoffman's employment with Fluid Fleet began on February 17, 2020 and continues to this day.

1.2    From the date of his hire through March 15, 2021, Fluid Fleet improperly treated Hoffman and all other repair and maintenance technicians as salaried exempt employees.  On March 16, 2021, Fluid Fleet reclassified Hoffman and all other salaried repair and maintenance technicians as non-exempt employees and began paying them on an hourly basis.  None of Hoffman's duties

changed in March 2021.  To this day Fluid Fleet has not paid Hoffman any overtime premiums for hours worked over forty per workweek.

1.3     Rodney Hoffman, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.4     During the three year period prior to the filing of this Complaint, Fluid Fleet willfully committed violations of the FLSA by wrongfully classifying its salaried repair and maintenance technicians as exempt employees.

## II.     JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Fluid Fleet because this entity conducts business in this Judicial District and has entered into a relationship with Hoffman in this Judicial District and has committed actions in this Judicial District that give rise to this cause of action.

2.3     Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

### III.     PARTIES

**A.     Plaintiff**

3.1     Rodney Hoffman is an individual residing in Bexar County, Texas.   His notice of consent is attached to Plaintiff's Original Complaint as Exhibit A.

**B.     Defendant**

3.2     Fluid Fleet is a foreign Limited Liability Company formed and existing under the laws of the State of Colorado.   Fluid Fleet has not registered to do business in Texas with the Texas Secretary of State, even though it is and has been doing business in Texas.

3.3     Fluid Fleet was an employer of Hoffman and those similarly situated as defined by 29 U.S.C. §203(d).

3.4     Fluid Fleet may be served by serving its registered agent, Jennifer Snyder, at 1441 W 46th Ave, Unit 12, Denver, CO 80211 or at PO Box 351618, Westminster, CO 80035.

### IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     During the relevant period, Fluid Fleet had gross operating revenue in excess of $500,000.00.

4.3     During the relevant period, Fluid Fleet has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     During the relevant period, Fluid Fleet employed "employees", including Hoffman and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     During the relevant period, Fluid Fleet employed two or more persons in interstate commerce.

4.6     During the relevant period, Fluid Fleet was and has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     During the relevant period, Hoffman and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Fluid Fleet.

4.8     During the relevant period, Fluid Fleet has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

4.9     As a repair and maintenance technician, Hoffman handled items such as vehicle repair tools, vehicle replacement parts and motor vehicles as well as other equipment that has been moved in or produced for commerce as defined by 29 U.S.C. §203(b).   Use of the above listed items was essential to fulfill the job duties of anyone acting as a repair and maintenance technician, as the job could not be performed without these items.

## V.      FACTUAL ALLEGATIONS

5.1     Fluid Fleet is a peer-to-peer truck sharing platform that offers 24/7 mobile access to a variety of trucks, vans, and SUVs.  Hoffman began his employment with Fluid Fleet in February of 2020, and is still employed by Fluid Fleet as a repair and maintenance technician.

5.2     Hoffman's primary job duties consist of maintaining and repairing Fluid Fleet's vans.

5.3     Hoffman and those similarly situated consistently worked over forty hours per week.

5.4     From February 2020 through March 15, 2021, Fluid Fleet paid Hoffman and those similarly situated on a salary basis, and refused to pay them overtime premiums for any hours worked over forty per workweek.   On March 16, 2021, Fluid Fleet reclassified its salaried repair and

maintenance technicians to non-exempt employees and began paying these employees on an hourly basis.

5.5     At all times relevant hereto, Fluid Fleet knew of, approved of, and benefited from the regular and overtime work of Hoffman and those similarly situated.

5.6     Fluid Fleet did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.7     Fluid Fleet's actions were willful and in blatant disregard for the federally protected rights of Hoffman and those similarly situated.

## VI.    COLLECTIVE ACTION ALLEGATIONS

6.1     Other employees have been victimized by the pattern, practice, and policy of Fluid Fleet that is in violation of the FLSA.  Hoffman is aware that the illegal practices and policies of Fluid Fleet have been imposed on other employees.

6.2     Hoffman brings his claim for relief on behalf of all formerly salaried repair and maintenance technicians who were not paid overtime premiums for any hours worked over forty per workweek at any time three years prior to the filing of this lawsuit up to and including March 15, 2021 (Collective Class).

6.3     Fluid Fleet paid Hoffman and the Collective Class a salary and suffered and permitted them to work more than forty hours per week.  However, prior to March 16, 2021, Fluid Fleet did not pay Hoffman or the Collective Class overtime premiums for any hours worked over forty per week.

6.4      Though their job titles may vary, the members of the Collective Class were all subjected to Fluid Fleet's refusal to pay overtime premiums.

6.5     Hoffman's experiences are typical of the experiences of other similarly situated employees.

6.6     Fluid Fleet's operations with respect to Hoffman and the Collective Class and wages paid to Hoffman and the Collective Class are substantially similar, if not identical.

6.7     Fluid Fleet's pattern of refusing to pay its salaried repair and maintenance technicians overtime premiums for all hours worked over forty per workweek resulted from Fluid Fleet's general application of policies and practices, and did not depend on the personal circumstances of Hoffman and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Hoffman files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Hoffman brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Hoffman brings these claims on his behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Fluid Fleet.

6.10    Hoffman requests that Fluid Fleet identify all similarly situated prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11    Hoffman seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Hoffman's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13    Hoffman will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2    Hoffman and all others similarly situated were wrongfully classified as salaried, exempt repair and maintenance technicians until March 16, 2021.

7.3    As non-exempt employees under the FLSA, if Hoffman and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime premiums for such work.

7.4    Over the course of the relevant period up to an including March 15, 2021, Hoffman and all others similarly situated routinely worked in excess of forty hours per week.

7.5    Even though Hoffman and all others similarly situated worked in excess of forty hours per week, Fluid Fleet failed to pay them overtime compensation for all hours worked in excess of forty per week.

7.6    Fluid Fleet has violated 29 U.S.C. § 201 *et seq*. by failing to pay Hoffman and all others similarly situated overtime premiums for all hours worked over forty per workweek.

7.7    In further violation of the FLSA, Fluid Fleet has failed to maintain accurate employee pay records, including the true number of hours worked per workweek by Hoffman and all others similarly situated.

7.8    No excuse, legal justification or exemption excuses Fluid Fleet's failure to pay Hoffman and all others similarly situated overtime compensation for all hours worked over forty in a workweek.

7.9     Fluid Fleet has failed to make a good faith effort to comply with the FLSA.

7.10    Instead, Fluid Fleet knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

7.11    Hoffman and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Rodney Hoffman and all others similarly situated respectfully pray that Fluid Fleet Services, LLC be cited to appear, and that, upon trial of this matter, Hoffman and the Collective Class recover the following against Fluid Fleet Services, LLC:

   a.      Actual damages for the full amount of their unpaid overtime compensation;

   b.      Liquidated damages in an amount equal to their unpaid overtime compensation;

   c.      Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

   d.      Pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e.      Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,


/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
700 West Summit Dr.
Wimberley, Texas 78676
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**